1  Binh T. Bui (SBN 226420)
   AMERICAN INTERNATIONAL PRACTICE GROUP
2  110 West C Street, Suite 1300
   San Diego, California 92101
3  Telephone:    (858) 384-2755
   Facsimile:    (866) 388-4886
4

5  Attorneys for Plaintiff
   ARTHUR J. LEWIS and CHRISTINE MOE
6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10  ARTHUR J. LEWIS, CHRISTINE MOE;      )  CASE NO. **'12CV2849 JLS  WMC**
                                         )
11                     Plaintiffs,       )  COMPLAINT FOR
                                         )    1)  BREACH OF CONTRACT
12            v.                         )    2)  CONSTRUCTIVE FRAUD
                                         )    3)  CIVIL CONSPIRACY
13  COMPASS HOLDINGS, LLC, a California   )    4)  TORTIOUS INTERFERENCE
    limited liability company; WELLS FARGO )   5)  UNJUST ENRICHMENT
14  BANK, N.A.; US BANK NATIONAL         )    6)  BREACH OF FIDUCIARY DUTY
    ASSOCATION, as Trustee for WFMBS     )    7)  BREACH OF THE IMPLIED
15  2004-P; FIRST AMERICAN TRUSTEE       )        COVENANT OF GOOD FAITH AND
    SERVICING SOLUTIONS, LLC, a Texas    )        FAIR DEALING
16  limited liability company; FIDELITY  )    8)  RESCISSION OF TRUSTEE'S SALE
    NATIONAL TITLE INSURANCE             )    9)  CANCELLATION OF INSTRUMENT
17  COMPANY; JANET CHRIST aka JANET      )        TRUSTEE'S DEED UPON SALE
    LAWLESS, an individual; LEE OLESEN   )   10) QUIET TITLE
18  and LINDA OLESEN, individually and as )   11) DECLARATORY RELIEF
    husband and wife; ALL PERSONS        )
19  UNKNOWN CLAIMING ANY LEGAL OR )
    EQUITABLE RIGHT, TITLE, ESTATE,      )  GENERAL JURISDICTION – CIVIL
20  LIEN OR INTEREST IN THE PROPERTY     )
    DESCRIBED IN THE COMPLAINT           )  JURY TRIAL REQUESTED ON ALL ISSUES
21  ADVERSE TO PLAINTIFFS, OR ANY        )  SO TRIABLE
    CLOUD ON TITLE THERETO; and DOES     )
22  1 through 60, inclusive,             )
                                         )
23                     Defendants.       )
                                         )
24  _____)

25

26         Plaintiffs ARTHUR J. LEWIS and CHRISTINE MOE ("Plaintiffs") allege as follows:

27  ///

28  ///

                                    1
                                COMPLAINT

## I.   JURISDICTION, VENUE

1.     This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331, 1343, 2201, 2202, 15 U.S.C. § 1692, 12 U.S.C. § 2605, and 42 U.S.C. § 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

2.     This Court has original jurisdiction over the claims in this action based on 28 U.S.C. § 1332 which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.00.

3.     The unlawful conduct, illegal practices, and acts complained of and alleged in this Complaint were all committed in the Southern District of California and involved real property that is located in the Southern District of California. Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

4.     Plaintiffs are now and at all times mentioned herein, husband and wife, and individuals, residing in the County of San Diego, in the State of California. At all times relevant to this action, Plaintiffs have held an interest in the real property commonly known as 14415 Cypress Point, Poway, California 92064 (the "Property), furthers described as Assessor's Parcel Number 277-210-04-00, with the following description:

PARCEL 1:

LOT 67 OF CITY OF POWAY TRACT NO. 89-13R, THE HERITAGE, PHASE 1 UNIT 3, IN THE CITY OF POWAY, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 14143, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 12, 2001.

PARCEL 2:

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, INSPECTION, MAINTENANCE, REAPIR, DRAINAGE, ENCROACHMENT, SUPPORT AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION, AND ANY AMENDMENTS THERETO.

///

///

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

II.   PARTIES

5.   Plaintiffs are husband and wife and individual consumers of more than 18 years of age and residents of San Diego County, California as well as this Judicial District. They respectfully request a jury trial on all issues so triable.

6.   Defendant COMPASS HOLDINGS, LLC ("Compass Holdings") at all times herein mentioned was doing business in the County of San Diego, State of California, and maintains a principle business at 7964 Arjons Drive #H, San Diego, California 92126. Compass Holdings is the current owner of the Property, by purchase at Trustee's Sale on June 18, 2012. Compass Holdings is a private investment company.

7.   Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") at all times herein mentioned was doing business in the County of San Diego, State of California and was listed on the Notice of Default for the Property and specializes in loan servicing.

8.   Defendant US BANK NATIONAL ASSOCIATION ("US Bank") is a federally chartered banking institution that maintains a principal business at 425 Walnut Street, Cincinnati, Ohio 45202. US Bank is sued herein as the trustee for Wells Fargo Bank, N.A. As successor in interest to Wells Fargo, US Bank allegedly acquired a promissory note evidencing a loan of Lee and Linda Olesen for the financing of their interest in the Property ("Note") and the Deed of Trust ("DOT") by which that Note was secured by the Property.

9.   Defendant FIDELITY NATIONAL TITLE INSURANCE COMPANY ("Fidelity National"), as Trustee was listed on Assignment of Deed of Trust and maintains a principal place of business located at 11000 Olson Drive, Suite 101, Rancho Cordova, California 95670.

10.   Defendant FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC ("First American") was listed in the Notice of Default and conducted the Trustee's Sale and maintains a principal place of business located at 6 Campus Circle, 2nd Floor, Westlake, Texas 76262.

11.   Defendants LEE OLESEN ("Lee Olesen") and LINDA OLESEN ("Linda Olesen") (collectively the "Olesen Defendants") are husband and wife, and individuals, and at all times mentioned herein were residing in the County of San Diego, State of California, and the

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

COMPLAINT

1  previous owners of the Property prior to purchase by Compass Holdings on June 18, 2012.

2      12.    Defendant JANET CHRIST aka JANET LAWLESS ("Janet Christ") is an

3  individual residing in the County of San Diego, State of California, and at all times mentioned

4  herein was the acting agent of real estate for the Olesen Defendants.

5      13.    The defendants herein named as "all persons unknown, claiming any legal or

6  equitable right, title, estate, lien, or interest in the property described in the complaint adverse to

7  Plaintiffs or any cloud on title thereto" are hereinafter sometimes referred to as the "unknown

8  defendants" and are unknown to Plaintiff.  These unknown defendants and each of them claim or

9  appear to claim some right, title, estate, lien, or interest in the Property, adverse to Plaintiffs.

10  Their claims, and each of them, constitute a cloud on the title to the Property.

11      14.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein

12  as DOES 1 through 60, inclusive, and therefore sues these defendants by such fictitious names

13  and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the

14  property described in the complaint adverse to Plaintiffs, or any cloud on title thereto.

15      15.    Plaintiff will amend this complaint to allege their true names and capacities when

16  ascertained.

17      16.    At all relevant times, each Defendant committed the acts, caused or directed

18  others to commit the acts, or permitted others to commit the acts alleged in this Complaint.

19  Additionally, some or all of the Defendants acted as the agent of the others Defendants, and all

20  of the Defendants acted within the scope of their agency if acting as an agent of the others.

21      17.    At all relevant times, each Defendant knew or realized that the others Defendants

22  were engaging in or planned to engage in the violations of law alleged in this Complaint.

23  Knowing or realizing that the others Defendants were engaging in or planning to engage in

24  unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful

25  acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the

26  unlawful acts, and thereby aided and abetted the others Defendants in the unlawful conduct.

27  ///

28  ///

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

### III.   COMPLAINT

18.   COMES NOW Plaintiffs by and through their counsel, for their complaint against Defendants, and pleads as follows:

### IV.   STATEMENT OF THE CASE

19.   On or about June 15, 2004, a Deed of Trust in favor of Wells Fargo Bank, N.A. was recorded as instrument number 2004-0552232 in the San Diego County Recorder's Office ("DOT"). Said Deed of Trust was securing a Promissory Note for the purchase of the Property by the Olesen Defendants. A true and correct copy of the DOT is attached hereto as *Exhibit "1"*.

20.   On or about May 24, 2011, Plaintiffs and the Olesen Defendants entered into a Lease Agreement with Option to Purchase Real Estate ("Option to Purchase Agreement"). A true and correct copy of the Option to Purchase Agreement is attached hereto as *Exhibit "2"*. Plaintiffs thereafter took possession of the Property and continue to occupy the Property as of the date of this complaint.

21.   Shortly after taking possession of the Property, Plaintiffs exercised their rights to purchase the Property. Plaintiffs agreed to purchase the Property so long as Plaintiffs were able to negotiate with the Olesen Defendants' lender, Wells Fargo. The condition was that if Wells Fargo reduced the 1st and 2nd mortgage—both owned by Wells Fargo—then Plaintiffs could purchase the Property from the Olesen Defendants. Plaintiffs were able to comply precisely with said condition, and Plaintiffs negotiated to eliminate most if not all of the 2nd mortgage from approximately $600,000 to almost one percent (1%).

22.   In about January of 2012, Plaintiffs and the Olesen Defendants entered into a short sale-type agreement to transfer the Property, with the permission of Wells Fargo. The terms would be that Wells Fargo would be paid in full on the 1st mortgage and the 2nd mortgage would receive a small 1% portion.

23.   From approximately January 2012 to June 18, 2012, Plaintiffs and the Olesen Defendants opened escrow and attempted to close escrow. However, actions from the Olesen Defendants delayed the process: the Olesen Defendants wanted Plaintiffs to transfer funds of approximately $1,800,000 directly to the Olesen Defendants' account instead of through the

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

escrow company, which Plaintiffs refused to do so; the Olesen Defendants wanted to be paid a fee for the sale, despite the fact that the transaction was a short sale, which Plaintiffs refused to pay; the Olesen Defendants wanted their real estate agent, Janet Christ, to be paid more than her normal fees so that the Olesen Defendants could be compensated unjustly, which Plaintiffs refused to pay; the Olesen Defendants, knowing that Plaintiff Arthur Lewis was going into knee surgery, scheduled a day to transfer funds that Plaintiff Arthur Lewis would not be able to transact because of the surgery.

24.     Because of the refusals by Plaintiffs to pay more than the agreed upon price and refusal to pay additional funds outside of a normal short sale transaction, the Olesen Defendants searched for other buyers who would pay the unjust costs. However, Plaintiffs did not become aware of these facts until after the Trustee's Sale. Plaintiffs were led to believe by the Olesen Defendants that the transfer paperwork was being processed, and that the Olesen Defendants fully intended on carrying out the transfer of Property.

25.     Olesen owes multiple tax liens and debts totaling more than $300,000.

26.     The delays from January 2012 to June 18, 2012 eventually caused Wells Fargo to foreclose, without the knowledge of Plaintiffs. Plaintiffs were unaware of the Trustee's Sale that was to take place on June 18, 2012. The Notice of Trustee's Sale was recorded as document 2012-0190841 in the San Diego County Recorder's Office on April 3, 2012 ("Notice of Trustee's Sale"). A true and correct copy of the Notice of Trustee's Sale is attached hereto as *Exhibit "3"*.

27.     On June 18, 2012, by public auction, Compass Holdings purchased the Property for the amount of $1,703,229.56, approximately the same price as agreed upon between Plaintiffs and the Olesen Defendants. The tax lien against the Olesen Defendants may also have been removed against the Property. The Trustee's Deed Upon Sale was recorded as document 2012-0381759 in the San Diego County Recorder's Office on June 29, 2012 ("Trustee's Deed Upon Sale"). A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as *Exhibit "4"*.

28.     The Property was bought by Compass Holdings for the same price that Plaintiffs

1  negotiated with the lender, Wells Fargo.  These negotiations were private between Plaintiffs, the
2  Olesen Defendants and Wells Fargo.  Plaintiffs told no other party of the negotiations and it is
3  believed Wells Fargo would not have made these negotiations public.  The only other parties
4  having such private information to distribute were the Olesen Defendants and their real estate
5  agent Janet Christ.

6        29.    In June and July of 2012, Plaintiffs and the Olesen Defendants maintained
7  communication.  The Olesen Defendants claimed they would find other buyers if the unjust costs
8  were not paid by Plaintiffs.  However, the Olesen Defendants continued to make Plaintiffs
9  believe that the short sale-like process was still taking place.  The Olesen Defendants never
10 mentioned the Notice of Trustee's Sale or the pending foreclosure of the Property.

11       30.    Following the Trustee's Sale of the Property, the Olesen Defendants stated to
12 Plaintiffs that they had been in touch with "people" from Compass Holdings, and that the Olesen
13 Defendants' (former) real estate agent, Janet Christ, was to represent Compass Holdings in
14 selling the Property.

15       31.    The Olesen Defendants owed multiple tax liens on the Property; after the
16 foreclosure and sale, the tax lien on the subject property was removed.

17       32.    The Olesen Defendants have claimed to be in constant contact with Compass
18 Holdings, *before* and after the Trustee's Sale on June 18, 2012.

19       33.    The Olesen Defendants knew the buyer of the Property, Compass Holdings,
20 before such information became public record, stating this information to Plaintiffs in a
21 conversation.

22       34.    Such actions and statements by the Olesen Defendants led Plaintiffs to believe
23 that the Olesen Defendants and Janet Christ enjoined in conspiracy with Compass Holdings to
24 purchase the Property at the Trustee's Sale, without the knowledge of Plaintiffs, and thereby
25 engaged in fraudulent acts.

26       35.    The Olesen Defendants breached the Option to Purchase Real Estate Agreement
27 by failing to deliver title to the Property to Plaintiffs, even though the purchase terms were
28 negotiated according to the agreement and the terms of the parties involved.

36.     The Olesen Defendants and Janet Christ knew that Plaintiffs believed they were going to obtain title to the Property, and maliciously and tortiously interfered in that process by providing Compass Holdings with insider information.

37.     Such malicious actions by the Olesen Defendants and Janet Christ breach the covenant of good faith and fair dealing.

38.     At this time, Plaintiffs are currently defending an unlawful detainer action brought by Defendant Compass Holdings (as Plaintiff) in the Superior Court of California, County of San Diego, Case No. 37-2012-00046377-CL-UD-CTL.  Plaintiffs had negotiated and had approval by lender to purchase the Property, and fully expected the Olesen Defendants to transfer title to the Property.  Plaintiffs have been in possession of the Property since May of 2011, and are now being forced out of their home by Compass Holdings, because of the malicious and tortious breach of contract, fraud, conspiracy, collusion and interference by the Defendants in this action.

39.     As a direct and proximate result of the above actions of Defendants, Plaintiffs have suffered actual harm in an amount to be determined at trial, including among other things, severe emotional and physical distress, loss of the Property, initiation of eviction proceedings, financial harm, and attorney's fees and costs.

## V.     FIRST CLAIM

### BREACH OF CONTRACT

#### (Against the Olesen Defendants)

40.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

41.     The Olesen Defendants breached the Option to Purchase Real Estate Agreement as alleged above, and specifically by failing to deliver title to the Property to Plaintiffs as agreed upon.

42.     Plaintiffs have performed each and every covenant, condition and obligation to be performed under the Option to Purchase Real Estate Agreement except to the extent excused, waived or made impossible by the Olesen Defendants' conduct.

43.     As a direct and proximate result of the Olesen Defendants' breach, Plaintiffs have

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

1 | been damaged in an amount to be determined at trial. Plaintiffs have suffered loss of property
2 | and severe physical and emotional distress due to the breach. Such amount to be awarded is not
3 | less than $75,000.

**VI.    SECOND CLAIM**

**CONSTRUCTIVE FRAUD**

(Against the Olesen Defendants, Janet Christ and Compass Holdings)

7 | 44.    Plaintiff realleges and incorporates by reference the allegations set forth in each of
8 | the preceding paragraphs of this complaint.

9 | 45.    A confidential relationship existed between the parties because, by virtue of the
10 | Olesen Defendants' promise to deliver title to the Property to Plaintiffs, they gained the
11 | confidence of Plaintiffs and held themselves out as acting in the best interest of Plaintiffs.
12 | Plaintiffs placed utmost confidence in the Olesen Defendants and justifiably relied on their
13 | promises to deliver title and carry out the short sale-like process, by and through their real estate
14 | agent Janet Christ. However, without Plaintiffs' knowledge, the Olesen Defendants, Janet Christ
15 | and Compass Holdings breached the relationship by devising a plan for Compass Holdings to
16 | purchase the Property at foreclosure for the same price as Plaintiffs' initial offer.

17 | 46.    Plaintiffs have suffered loss of property and severe physical and emotional
18 | distress due to the direct and proximate result of Defendants' conduct, and Plaintiffs have been
19 | damaged in an amount to be determined at trial.

**VII.    THIRD CLAIM**

**CIVIL CONSPIRACY**

(Against all Defendants)

23 | 47.    Plaintiff realleges and incorporates by reference the allegations set forth in each of
24 | the preceding paragraphs of this complaint.

25 | 48.    On information and belief, Defendants have conspired, colluded and combined
26 | with each other and with third parties to allow Compass Holdings to purchase the Property at
27 | foreclosure to the benefit of each of the parties involved, and to the detriment of Plaintiffs.
28 | Plaintiffs have suffered loss of property and several physical and emotional distress.

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

9

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

1      49.    On information and belief, Defendants have formed and operated a civil

2  conspiracy with each other and with one or more unascertained defendants and as a result, an act

3  or acts done in furtherance of the common design have damaged Plaintiffs as described above.

4      50.    Plaintiffs seek compensatory damages and injunctive relief from the harm caused

5  by Defendants' civil conspiracy.

6  VIII.   FOURTH CLAIM

7  TORTIOUS INTERFERENCE

8  (Against the Olesen Defendants, Janet Christ and Compass Holdings)

9      51.    Plaintiff realleges and incorporates by reference the allegations set forth in each of

10 the preceding paragraphs of this complaint.

11     52.    Plaintiffs had established a relationship Wells Fargo, negotiated the Olesen

12 Defendants' second mortgage down to 1%, and had an approved offer to purchase the Property

13 to the substantial benefit of Plaintiffs.

14     53.    The conduct of the Olesen Defendants, Janet Christ and Compass Holdings as

15 described above was designed to disrupt the relationship between Plaintiffs and Wells Fargo, and

16 indeed, the relationship was disrupted as a result of Defendants' interference in that the short sale

17 process was halted, the Property was foreclosed upon, and Compass Holdings became the

18 benefited party.

19     54.    The Defendants' interference constituted an unfair trade practice in violation of

20 Business and Professions Code section 17200.

21     55.    As a proximate result of Defendants' conduct, Plaintiffs suffered damages in an

22 amount to be proven at trial.

23     56.    The conduct of Defendants in interfering with Plaintiffs' economic relationship

24 was intentional, willful, and calculated to cause damage to Plaintiffs. The conduct of Defendants

25 was perpetrated with actual malice and ill will toward Plaintiffs, and with the intentional and

26 improper purpose of causing damage to Plaintiffs, based on the allegations above, and

27 specifically because Plaintiffs refused to pay unjust costs to the Oleson Defendants during the

28 close of escrow. There was no justifiable cause for Defendants' actions. As a result, an award of

10

1  punitive damages is warranted:

IX.    FIFTH CLAIM

UNJUST ENRICHMENT

(Against the Olesen Defendants and Compass Holdings)

57.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

58.    As a direct and proximate result of Defendants' misconduct as set forth above, the Olesen Defendants and Compass Holdings have been unjustly enriched in an amount to be proven at trial.

59.    Specifically, the Olesen Defendants avoided tax liens by their conspiracy, and Compass Holdings became the investment owner of the Property for the same purchase price offered by Plaintiffs.

X.    SIXTH CLAIM

BREACH OF FIDUCIARY DUTY

(Against the Olesen Defendants)

60.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

61.    By virtue of the private relationship that existed between Plaintiffs and the Olesen Defendants and by virtue of Plaintiffs having placed confidence in the fidelity and integrity of the Olesen Defendants and in trusting them with confidential information relating to the purchase of the Property, and pursuant to the Option to Purchase Real Estate Agreement, a confidential relationship existed at all times herein mentioned between the parties and the Olesen Defendants owed Plaintiff a fiduciary duty.

62.    Despite having voluntarily accepted the trust and confidence of Plaintiffs in regard to the purchase of the Property and in violation of this relationship of trust confidence Defendants abused the trust and confidence of Plaintiffs by using its private and confidential information concerning its purchase price of the Property that was approved by the lender Wells Fargo during the course of Plaintiffs' negotiations to purchase the Property without Plaintiffs'

11

COMPLAINT

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

1  consent.

2    63.   As a result of the Olesen Defendants' aforementioned breach of duties to
3  Plaintiffs, Compass Holdings gained advantage and became unjustly enriched by purchasing the
4  Property at foreclosure sale for the same price as Plaintiffs approved offer, and Plaintiffs have
5  been damaged in an amount to be proven at trial.

6                              XI.    SEVENTH CLAIM

7        BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

8                          (Against the Olesen Defendants)

9    64.   Plaintiff realleges and incorporates by reference the allegations set forth in each of
10  the preceding paragraphs of this complaint.

11   65.   The Option to Purchase Real Estate Agreement contained an implied covenant of
12  good faith and fair dealing by and between Plaintiffs and the Olesen Defendants which prohibits
13  them from engaging in any activity or conduct which would prevent the other party from
14  receiving the benefits of the contract.

15   66.   Plaintiffs have fully performed all covenants, conditions and obligations required
16  by them to be performed by reason of the contract, except to the extent waived, excused or made
17  impossible by the Olesen Defendants' breach of the contract.

18   67.   The Olesen Defendants, in acting or failing to act as alleged above, specifically by
19  failing to transfer title to the Property to Plaintiffs, breached the implied covenant of good faith
20  and fair dealing.  As a direct and proximate result of their breach of the implied covenant of good
21  faith and fair dealing, Plaintiffs have been damaged in an amount to be proven at trial.

22                              XII.    EIGHTH CLAIM

23                        RESCISSION OF TRUSTEE'S SALE

24        (Against Wells Fargo, US Bank, Fidelity National and First American)

25   68.   Plaintiff realleges and incorporates by reference the allegations set forth in each of
26  the preceding paragraphs of this complaint.

27   69.   Based on the actions of Defendants above, the Trustee's Sale should never have
28  taken place on June 19, 2012, without the knowledge of Plaintiffs.

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

1    70.    Plaintiffs have suffered loss of Property and have been deprived of legal title to

2  the Property based upon the malicious acts of Defendants as alleged above.  Plaintiffs contend

3  that the actions of Defendants, and each of them, were willful, intentional, carefully planned and

4  thought out, with the purpose of obtaining profit and gain to the detriment of Plaintiffs, and

5  Plaintiff have been damaged in an amount to be proven at trial.

6                                  XIII.   NINTH CLAIM

7              CANCELLATION OF INSTRUMENT TRUSTEE'S DEED UPON SALE

8                          (Against First American and Compass Holdings)

9    71.    Plaintiff realleges and incorporates by reference the allegations set forth in each of

10  the preceding paragraphs of this complaint.

11    72.    If the wrongfully recorded Trustee's Deed Upon Sale is left outstanding, Plaintiffs

12  will continue to suffer loss and damages.

13    73.    Plaintiffs therefore seek cancellation of the following recorded instrument

14  attached to this complaint as *Exhibit 4.*

15    74.    Plaintiffs are informed and believe, and therefore allege that the Olesen

16  Defendants, Compass Holdings and Janet Christ acted willfully and with a conscious disregard

17  for Plaintiffs' rights and with a specific intent to defraud and injure Plaintiffs, by causing the

18  instrument to be prepared and recorded.

19                                  XIV.   TENTH CLAIM

20                                      QUIET TITLE

21                                 (Against All Defendants)

22    75.    Plaintiff realleges and incorporates by reference the allegations set forth in each of

23  the preceding paragraphs of this complaint.

24    76.    Plaintiffs claim that they should be the actual owners of the Property by way of

25  private sale with Wells Fargo and that the title to the Property should have been transferred to

26  Plaintiffs by the Olesen Defendants.

27    77.    Based upon conspired, malicious and fraudulent acts of Defendants, Plaintiff were

28  denied their absolute rights to title to the Property.

78.     Any third parties, including Compass Holdings who holds title to the Property at the time of filing this complaint, should hold no interest in the title and Plaintiffs seek quiet title and conveyance to Plaintiffs per the agreement with Wells Fargo and the Olesen Defendants.

79.     Concurrent with the filing of this complaint, Plaintiffs are recording a *Lis Pendens* with the San Diego County Recorder's Office.  The Assessor's Parcel Number is 277-210-04-00, with the following description:

> PARCEL 1:
>
> LOT 67 OF CITY OF POWAY TRACT NO. 89-13R, THE HERITAGE, PHASE 1 UNIT 3, IN THE CITY OF POWAY, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 14143, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 12, 2001.
>
> PARCEL 2:
>
> NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, INSPECTION, MAINTENANCE, REAPIR, DRAINAGE, ENCROACHMENT, SUPPORT AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION, AND ANY AMENDMENTS THERETO.

## XV.    ELEVENTH CLAIM

### DECLARATORY RELIEF

#### (Against All Defendants)

80.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this complaint.

81.     An actual controversy has arisen and now exists between Plaintiffs on one hand and Compass Defendants on the other hand, concerning their respective rights and duties with regard to the Property.

82.     Plaintiffs contend that Compass Holdings acquired title to the Property by way of constructive and tortious fraud, and purchased the Property out from under Plaintiffs who had already negotiated a short sale purchase with Wells Fargo and the Olesen Defendants, and pursuant to the Option to Purchase Real Estate Agreement.

83.     In light of the foregoing, a judicial declaration is necessary and appropriate at this

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755

1   time so that Plaintiffs and Defendants might ascertain their rights and duties pursuant to the

2   Property and all matters related to and arising from it.

3   XVI.   PRAYER FOR RELIEF

4   Wherefore, Plaintiffs pray that this Court award damages and provide relief as follows:

5   1.   General and special damages in excess of $75,000;

6   2.   For a judgment

7   a.   setting aside trustee's sale

8   b.   cancelling the trustee's deed

9   c.   declaring that no party aside from Plaintiffs have any right, title, stake,

10   lien or interest whatsoever in the Property

11   d.   enjoining Compass Holdings from pursuing eviction proceedings against

12   Plaintiffs

13   e.   quieting title to the Property;

14   3.   Punitive damages where appropriate;

15   4.   For attorney's fees and costs of suit;

16   5.   For such other and further relief as the Court may deem proper.

17

18   Dated: November 28, 2012

AMERICAN INTERNATIONAL
PRACTICE GROUP

19

20

21   By: _____
Binh T. Bui
Attorneys for Defendants

22

23

24

25

26

27

28

AMERICAN INTERNATIONAL PRACTICE GROUP
ATTORNEYS AT LAW
110 WEST C STREET
SUITE 1300
SAN DIEGO, CA 92101
(858) 384-2755